*951 OPINION.
Littleton:
Petitioner claims (1) that the fair market price or value of the English rights of the patent on March 1, 1913, was $150,000, and that it therefore derived no taxable gain from the sale thereof in 1917; (2) that in the event the Board does not agree with it as to the March 1, 1913, value, the cost of $95,592.80 properly applicable to the development and perfection of the patent should be considered and deducted from the sales price in determining gain or loss in 1917.
Considerable testimony was given as to the probable future earnings anticipated on March 1, 1913, from the sale of the patented spiro turbine engine, predicated primarily upon information, which has not been shown to have been very definite, as to the probable number of engines that petitioner might be able to sell for shipment into England. The Board is unable to make a finding that the patent had a fair market price or value on March 1, 1913.
The evidence as to the amounts expended between 1909 and 1913 in perfecting and developing the patent is clear and convincing, and we are satisfied therefrom that the petitioner expended for materials and labor properly applicable to the work of perfecting and developing this patent the amount of $95,592.80, as hereinbefore set forth. This amount, less proper exhaustion from the date of expenditure at the rate of one-seventeenth per annum from 1911, should therefore be deducted from the sales price in 1917 in addition to the $20,000 allowed by the Commissioner.
In determining consolidated net income for 1917 for the purpose of the income tax, the Commissioner disallowed as a deduction $3,218.88, representing interest on $70,802.04, the amount in excess of the limitation of indebtedness for which the Buffalo Steam Pump Co., subsidiary, could deduct interest under the provisions of section 12 (a) Third of the Revenue Act of 1916, as amended by section 1207 (1) of the Revenue Act of 1917. This disallowed interest was paid to the Buffalo Forge Co., parent. In determining consolidated net income for excess-profits-tax purposes under section 206 pf Title II of the Revenue Act of 1917, the Commissioner deducted therefrom the amount of $3,218.88, the excess of the interest allowable as a deduction under Title I of the Revenue Act of 1916, as amended by the Revenue Act of 1917. The petitioner claims that this action of the Commissioner was incorrect under the provisions of section 206 (c), Title II, of the Revenue Act of 1917, and that the excess *952 interest of $3,218.88 should not have been deducted from consolidated net income for invested capital purposes, but that the amount of $70,802.04, the indebtedness of the Buffalo Steam Pump Co., subsidiary, on which it was not entitled to deduct interest paid to the parent company, should have been included in computing the consolidated invested capital for the taxable year 1917 under the provisions of article 44 (b) of Regulations 41.
In the opinion of the Board the determination of the Commissioner in respect of this issue was correct. All interest paid by the subsidiary to the parent was an intercompany transaction which had no effect upon consolidated net income for excess-profits-tax purposes. Neither was the excess indebtedness of $70,802.04 of the Buffalo Steam Pump Co., subsidiary, to the Buffalo Forge Co., parent, a proper item to be included in consolidated invested capital. Appeals of Gould Coupler Co., 5 B. T. A. 499; Farmers Deposit National Bank, 5 B. T. A. 520; Ruckman Coal Co., 5 B. T. A. 534; H. S. Crocker Co., 5 B. T. A. 537.

Judgment will be entered on 15 days' notice, under Bule 50.